UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11888-GAO

VYTAUTAS JURGELA,
Plaintiff,

v.

AMERICAN MEDICAL RESPONSE OF MASSACHUSETTS, INC.,
Defendant.

ORDER
September 30, 2013

O'TOOLE, D.J.

The plaintiff, Vytautas Jurgela, filed an action in state court, seeking to confirm a June 2012 arbitration award against his termination by his former employer, defendant AMR. AMR properly removed the action here because Jurgela's claim was preempted by Section 301 of the Labor Management Relations Act ("LMRA"). AMR now moves to dismiss, arguing that Jurgela lacks standing, as he was not party to the arbitration between AMR and his union and collective bargaining representative at the time, National Medical Emergency Services Association ("NEMSA"), current union and representative, United Emergency Medical Service Workers, Local 4911 AFSCME, AFL-CIO, has moved to intervene as a plaintiff.

It is well settled law that under LMRA § 301(a), an individual "employee may not sue to enforce an arbitration award *against her employer* absent a showing that the union breached its duty of fair representation to the employee by failing to enforce the award." Turner v. United Steelworkers of Am., Local 812, 581 F.3d 672, 675 (8th Cir. 2009) (emphasis in original). As Jurgela has not asserted that his former or current union has breached its duty of fair representation, he lacks standing to bring this action.

It cannot be presumed that NEMSA's omission to bring an action to enforce the arbitral order was an oversight or breach of its duty as opposed to a considered decision. If it was the latter, of course, the policies that preclude the employee himself from suing in the place of the union come into full significance.

Federal Rule of Civil Procedure authorizes a court to permit intervention upon a "timely motion." Fed. R. Civ. P. 24(a), (b). I find in the particular circumstances of this case that Local 4911's motion to intervene was not timely made. See Puerto Rico Telephone Co. v. Sistema de Retiro de los Empleados, 637 F.3d 10, 15 (1st Cir. 2011) (stating that "timeliness . . . derives meaning from assessment of prejudice in the context of the particular litigation"); R&G Mortgage Corp. v. Federal Home Loan Mortgage Corporation, 584 F.3d 1, 8 (1st Cir. 2009) (noting that "what may constitute reasonably prompt action in one situation may be unreasonably dilatory in another").

In this case, the arbitration order was entered June 6, 2012. The arbitrator expressly retained jurisdiction of the matter for 60 days "in the event that the parties should disagree as to the calculation or implementation of the remedy." (State Ct. R. at 45 (dkt. no. 6).) No application by either side was made during that time. The plaintiff here, Mr. Jurgela, initiated this action in the state court in mid-September. At the end of September, Local 4911 supplanted NEMSA as the employee's representative. AMR removed the case to this Court in early October and moved to dismiss the plaintiff's claim on October 16, 2012. The plaintiff's opposition was timely filed on October 30, and at that time, the plaintiff specifically requested that "this matter be stayed for thirty (30) days to allow time for the plaintiff's present union to file an appearance and move to amend the instant complaint." (Pl.'s Opp'n to Mot. to Dismiss at 3 (dkt. no. 7).) The plaintiff's attorney also averred under oath that Local 4911 had been contacted regarding this matter and

that the union's counsel was "presently reviewing this case to determine whether the present union is the successor in interest to the prior union and a proper party to continue representation of the plaintiff in this action." (Id., Ex. 1 at ¶ 12.)

Local 4911's motion to intervene was not filed until March 19, 2013, five months after AMR's motion to dismiss. While there may not have been any litigation prejudice to anyone from the delay, I conclude that there was real world prejudice to AMR. It is apparently AMR's position that it attempted to work with NEMSA to implement the award but that Mr. Jurgela was uncooperative. Whatever the merits of that position, which I do not and cannot on the present record decide, when NEMSA was replaced, there needed to be an appropriate negotiating (if not litigating) partner for AMR. This would perhaps even have been to Mr. Jurgela's benefit. When that did not happen, AMR concluded that the matter was likely over and acted accordingly.

I am influenced in reaching this conclusion by the irregular nature of this action from the beginning, as improperly brought under a state statute by an improper party. I think it complicates the irregularity to permit a late intervention by Local 4911. If Local 4911 thinks it has other available remedies, either before the arbitrator or some other appropriate forum, it may pursue them.

For these reasons, AFSCME's Motion to Intervene (dkt. no. 10) is DENIED; AMR's Motion to Dismiss (dkt. no. 4) is GRANTED, and the action is DISMISSED.

It is SO ORDERED.

George A. O'Toole, Jr.
United States District Judge